GEARY, Appellant, vs. BENNETT, Respondent.

*March 1 — March 16, 1886.*

*Slander: Pleading: Amendment: Changing cause of action.*

1. Where spoken words are claimed to be actionable because tending to prejudice the plaintiff in his business, the complaint must set forth the business in which he was injured or concerning which the words were spoken, and must claim damages on account of such injury.

2. In an action for slander the complaint cannot be amended so as to allege the speaking of other words than those originally charged; nor can the speaking of such other words be proved or relied upon in the same action.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts will sufficiently appear from the opinion and from the report of the case on the former appeal. See 53 Wis. 444.

For the appellant there was a brief by *F. F. Duffy*, attorney, and *J. H. McCrory*, of counsel, and oral argument by *Mr. Duffy.* They contended, *inter alia*, that words are actionable which directly tend to the prejudice of any one in his trade or business. 1 Starkie on Slander, 117; *Gottbehuet v. Hubachek*, 36 Wis. 515. The business need not be one of which courts will take judicial notice. 2 Addison on Torts (Wood's ed.), 1121. The rule applies to all grades of lawful business or employment habitually pursued — to the day laborer and servant as well as to the banker, the broker, the merchant, or the farmer. Cooley on Torts, 202, *n.* 2; Townshend on S. & L. (2d ed.), secs. 182, 192; *Burtch v. Nickerson*, 17 Johns. 217; *Backus v. Richardson*, 5 id. 476; *Terry v. Hooper*, 1 Levinz, 115. Charging a tradesman with selling goods which he knows to be bad, is actionable *per se. Evans v. Harlow*, 5 Q. B. 633. Or charging him with adulterating the articles in which he deals. *White v. Delavan*, 17 Wend. 119. Or imputing fraudulent conduct to him in his business transactions. *Griffiths v. Lewis*, 7 Q. B. 65.

And in fact all defamatory words relating to the plaintiff's integrity, knowledge, skill, or diligence, his credit, or the subject matter in which he deals. 1 Starkie on Slander, 130, 141. The evidence shows that the plaintiff was a farmer engaged in the dairy business.

For the respondent there was a brief by *Sutherland & Sutherland*, and oral argument by *Mr. Geo. E. Sutherland*. They argued, among other things, that it could not be claimed that the words were slanderous because they affect the plaintiff in his trade or profession. No special damage was alleged or proven. To be actionable, therefore, the words must impute to the plaintiff wrong conduct, and must be such as necessarily to affect him unfavorably in his business. There must be in the words used the imputation that the plaintiff had knowingly furnished watered milk, and the further element that by the use of them the income of the plaintiff was or might reasonably be affected. *Hemmenway v. Woods*, 1 Pick. 524; Townshend on S. & L. 292, sec. 190; Flood on Slander, 105; *Tobias v. Harland*, 4 Wend. 537; *Chaddock v. Briggs*, 13 Mass. 251; *Carroll v. White*, 33 Barb. 615; *Van Tassel v. Capron*, 1 Denio, 250; *Sanderson v. Caldwell*, 45 N. Y. 398; *Spiering v. Andræ*, 45 Wis. 330.

ORTON, J. This was an action for slander, brought by the appellant against the respondent, to recover damages for the speaking of the following words on the 10th day of June, 1880: "There is foreign substance in your milk, similar to water; and it is water." "The amount of water in your milk is one eighth to one tenth." And for the speaking the following words to Edward Dolan, between the 10th and 15th days of June, 1880: "His milk is watered." "The watering of his milk by him [plaintiff], when brought to the factory, was a loss to him [the defendant] of seventy-five cents per day, by reason of the water added." And to

one J. D. Walters, between said last-mentioned days, the following words: "*Geary's* milk is watered." These are the only words charged in the complaint. The defendant demurred to the complaint because it stated no cause of action, and the demurrer was overruled, and, on appeal to this court, the order overruling the demurrer was affirmed (53 Wis. 444), on the sole ground that the words, "The watering of his milk by him [plaintiff], when brought to the factory, was a loss to him [defendant] of seventy-five cents per day, by reason of the water added," imputed an offense. This court held that the clause "the watering of his milk *by him* [plaintiff]" imputed to the plaintiff the offense described in sec. 4607, R. S., of knowingly selling, furnishing, supplying, or bringing to be manufactured, to any butter or cheese factory, or to any person to be used in the manufacture of butter or cheese, or to be used in any other manner, any milk, etc., that has been diluted with water, etc. The watering of his milk *by him* charged the *gist* of the offense,— that he "knowingly" did it.

The point was made in the brief of the respondent's counsel on the argument of the case at that time, that the complaint was good, even if it did not impute said crime, by charging the words as an injury to plaintiff's business, and this point was met by the appellant's counsel, in their brief, by the argument that no such injury to the plaintiff's business was charged, or any damages alleged by reason thereof. The decision of that question may not be *res adjudicata* in the case, but it was certainly not regarded as of any importance on the argument of the demurrer, and was therefore not noticed in the opinion. It may be well to say here that the same point, again raised on this appeal, cannot be sustained. (1) The plaintiff does not allege any principal business of his in which he was injured, or concerning which the words were spoken; and (2) he does not claim any damages on account of the same. There are general alle-

gations in the last part of the complaint of words which perhaps may impute the offense, but they are charged as of no particular time or place, and in the presence or hearing of no particular persons; and the plaintiff's counsel, on the argument of the former appeal, did not claim that they were properly charged, and he did not rely upon them, and they were not noticed at all by the defendant's counsel. They must therefore be regarded as having no materiality in sustaining the complaint. These two points will not be considered further on this appeal.

At the close of the plaintiff's evidence on the trial the defendant's counsel moved for a nonsuit, and the motion was granted, and the defendant has appealed to this court from the judgment. The main and the only material question presented and discussed in the briefs and arguments of the counsel on both sides was, Were any of the words imputing the offense, and which are actionable and constitute slander *per se*, proved on the trial? The only words laid in the complaint which this court could find on the former appeal imputed the offense, were not proved; and, in short, no words alleged which could, by any fair or reasonable construction, be made or understood to mean that the defendant was guilty of said offense, or of any offense known to the law, were proved. It is now claimed, however, that there was testimony admitted by the court, against the objection of the defendant, that the defendant charged the plaintiff with committing the offense at another time and after that alleged in the complaint, and in different words than those alleged in the complaint, and to a different person, and that, therefore, the complaint was amendable accordingly. The testimony was that of one Hugh Allen. He testified that some time after the 10th day of June, 1880, he called on the defendant at his house,— when he does not say,— and that the defendant said: " Geary watered his milk when his son run the factory, and when he run it." "In fact, he always watered it." The words "when his son run the factory"

were stricken out, but the other words were left in evidence. These words clearly impute the offense named in the statute. But the trouble is that they were not alleged in the complaint, and they constitute an entirely new cause of action. By the rule of the statute, recognized in numerous cases in this court, an amendment cannot be allowed which will set up a new and another cause of action from that stated in the complaint, and especially an amendment alleging other words in an action of slander cannot be allowed, even since the Code. *K*—— *v. H*——, 20 Wis. 239. And such new or other words cannot be proved or relied upon in the same action, whether by amendment or otherwise. *Frazier v. McCloskey*, 60 N. Y. 338, and cases cited. Without an amendment, a recovery for such words would not be a bar to another action; but the plaintiff did not ask leave or offer to amend his complaint. The words spoken on the 10th day of June alleged in the complaint, or similar words, were proved by the testimony of the plaintiff himself to have been spoken at the cheese factory, in presence of one Jackson and one Quick, and the other words were alleged to have been spoken to Dolan and Walters, so that the words spoken to Allen, and so proved, were other words, at another time and place, and to another person, than alleged in the complaint, and constitute a new and another cause of action. They could not lawfully save the plaintiff's case.

No cause of action set out in the complaint having been sustained by any evidence, the motion for a nonsuit was properly granted. If the words alleged in the complaint had been properly alleged as spoken of and concerning the business of the plaintiff, and to injure him therein, and damages had been claimed therefor, it is not clear that they would not have been, so far as they were proved, privileged communications for the benefit of the joint patrons of the cheese factory of which the plaintiff was one.

*By the Court.*— The judgment of the circuit court is **affirmed.**