BRUESHABER, Respondent, vs. HERTLING and husband, Appellants.

*December 19, 1890 — January 13, 1891.*

*Slander: Variance: Time and place: Malice.*

1. Proof that the slanderous words were spoken a few weeks after the date alleged in the complaint and in a different county, does not constitute a material variance, in the absence of any claim or proof by the defendant that he was misled thereby. *Geary v. Bennett,* 65 Wis. 554, distinguished.

2. Malice is implied in the utterance of the slanderous words, and need not be proved by evidence *aliunde.*

---

[1] Sec. 4269, S. & B. Ann. Stats., provides that "in all actions to recover the possession or value of logs, timber, or lumber cut upon the land of the plaintiff, . . . the highest market value of such logs, timber, or lumber, in whatsoever place, shape, or condition, manufactured or unmanufactured, the same shall have been at any time before the trial, while in the possession of the trespasser or any purchaser from him with notice, shall be found or awarded to the plaintiff if he succeed; . . . *provided,* that . . . when the defendant shall have in good faith acquired a title to and entered upon the land under the same, believing such title to be valid, and shall have cut the timber therefrom under such circumstances, then the plaintiff . . . shall recover only the actual damages sustained by reason of such cutting." — REP.

Brueshaber vs. Hertling and husband.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for slander. The slanderous words are set out in the complaint, and it is alleged therein that they were maliciously spoken by the defendant *Mina Hertling* of and concerning the plaintiff to a number of persons, on or about October 23, 1887, at the city of Milwaukee. The plaintiff is a married woman, and such words impute to her the crime of adultery. The answer is a general denial.

On the trial, one Bertha Jentzen, a sister of the defendant *Mina*, testified that a few weeks after October 23, 1887, in Waukesha county, *Mina* spoke to her, of and concerning the plaintiff, the alleged slanderous words stated in the complaint. This was denied by *Mina* in her testimony. It is not understood that any testimony was given of any other uttering of such slanderous words by *Mina*. The jury found for the plaintiff, and assessed her damages at $200. A motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendants appealed from the judgment.

The cause was submitted for the appellants on the brief of *Nath. Pereles & Sons*, and for the respondent on that of *Fiebing & Killilea*.

To the point that the variance between the proof and the allegations in the complaint was fatal to the plaintiff's cause of action, counsel for the appellants cited 1 Greenl. Evi. sec. 61; 2 id. 12; *Birch v. Benton*, 26 Mo. 153; *Estes v. Estes*, 75 Me. 478; *Stanford v. Beyer*, 6 Harr. & J. 248; *Wilson v. Mitchell*, 3 id. 91; *Payson v. Macomber*, 3 Allen, 69; *Harris v. Lawrence*, 1 Tyler (Vt.), 156; *Wright v. Britton*, 1 Morris (Iowa), 286; *Philips v. Rose*, 8 Johns. 392; *Eilert v. Oshkosh*, 14 Wis. 590; *Warren v. Bean*, 6 id. 126; *Freeman v. Adams*, 9 Johns. 116; *Geary v. Bennett*, 65 Wis. 554; *Campbell v. Butts*, 3 N. Y. 173; *Frazier v. McClosky*, 60 id. 338.

LYON, J.   No testimony was given on the trial showing or tending to show that the alleged slanderous words were spoken by the defendant *Mina* on October 23, 1887, or in the city of Milwaukee, or to numerous persons, as alleged in the complaint, but the testimony is conclusive that they were spoken by her (if at all) only to one person, several weeks after October 23, 1887, and in the county of Waukesha.   Because of these variances between the averments of the complaint and the proofs on the trial, the defendants claim a reversal of the judgment.

The *gravamen* of the action is the speaking of the slanderous words.   These must be proved as laid in the complaint, or the action fails.   But the plaintiff is never held to strict proof of the averments in the complaint of the time and place when and where the slanderous words were spoken.   If it appears from the testimony that they were uttered by the defendant at a time or place different from that stated in the complaint, the variance is not necessarily fatal to the action.   If, however, the variance misleads the defendant to his prejudice, he should satisfy the court of the fact by proof, and the court will thereupon order the complaint amended, and, if essential to his protection, continue the cause at the cost of plaintiff.   The practice in such cases is indicated in sec. 2669, R. S.   In the present case, the defendants did not claim to have been misled by such variances, and offered no such proof; hence the variance is immaterial, and the court correctly so instructed the jury. *Geary v. Bennett,* 65 Wis. 554, is relied upon by counsel for defendants as laying down a different rule, but there the variance went to the cause of action itself,— not merely to the incidental matters of time and place.   This observation is applicable to other cases cited to the same proposition.

The cause of action was complete when the defendant *Mina* spoke the slanderous words charged in the complaint to a single person, and the plaintiff was not required further

to prove the averment that she uttered the same to a number of persons. Neither was it essential to the plaintiff's right to recover in the action to prove express malice on the part of *Mina*. Malice is implied in the utterance of the slanderous words, and it is not necessary to prove it by evidence *aliunde*. The law on these points is so entirely settled that it would be little short of affectation to discuss them or cite adjudications to support them.

Other errors are assigned, but are not relied upon in the argument of counsel. We think none of them are well assigned. These require no further notice.

*By the Court.*— The judgment of the circuit court is affirmed.

