Randall Cassem v. James F. Galvin.

1. ABATEMENT—*Defendant Sued in County Where Found.*—Exemption from suit, and process of a non-resident suitor, is limited to cases of arrest on civil process and does not extend to a non-resident suitor in ordinary cases, temporarily present in the State and county for the purpose of attending a suit to which he is a party, unless his presence has been obtained by some artifice, trick or fraud of the plaintiff, or his counsel.

2. LEADING QUESTIONS—*When Allowed.*—Where a witness is unwilling, evasive in his answers, or dull of comprehension, much discretion rests with the trial court in allowing leading questions.

3. VENUE—*In Suits for Slander.*—The place of the offense in a suit for slander is not material. Like the date, it may be proven differently from that alleged. In order to admit such proof it is not necessary that the place be stated under a *videlicit.*

Memorandum.—Action for slander. Appeal from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, McDOUGALL & CHAPMAN, ATTORNEYS.

We think the following cases abundantly warrant the position that the court erred in sustaining the demurrer to the plea in abatement. Waterman v. Tuttle, 18 Ill. 292; Hamilton v. Dewey, 22 Ill. 490; Tiffany v. Spalding, 22 Ill. 493; Hardy v. Adams, 48 Ill. 532; Dunlap v. Turner, 64 Ill. 47; Scott v. Walker, 65 Ill. 181; Wallace v. Cox, 71 Ill. 548; Drake v. Drake, 83 Ill. 526; Small v. Montgomery, 23 Fed. Rep. 707; Larned v. Griffin, 12 Fed. Rep. 490; King v. Coit, 4 Day, 130; Case v. Rorabacher, 15 Mich. 537; Fulio v. Bolles, 22 Law Rep. 354; Gilker v. Vanderpool, 15 Johns. 242; Hoppin v. Jenckes, 8 R. I. 453; Randall v. Gurney, 3 B. & Ald. 252.

MOLONEY & BURKE and SAMUEL RICHOLSON, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION
OF THE COURT.

This was an action of trespass on the case to recover
damages for an alleged slander uttered by appellant against
appellee. Both parties reside in Kane county. The sum-
mons was served upon appellant while he was temporarily
present in La Salle county to attend the taking of deposi-
tions in a chancery cause pending between him and another
party in the Circuit Court of Kane County. He pleaded in
abatement that he resided in Kane county, that when served
with summons he was only in La Salle county temporarily
in pursuance of a notice served upon him to take depositions
on oral interrogatories in a suit to which he was a party,
and that while there for that purpose he was entitled to
immunity from the service of process. To the plea in abate-
ment the court sustained a demurrer. The general issue
was then filed and on the 27th of March, 1893, a trial was
entered upon. After the jury was sworn the court allowed
an additional count to be filed, which was amended after a
demurrer had been sustained to it. A motion for a contin-
uance was then made by appellant, claiming that he was
taken by surprise. The motion was overruled and the trial
proceeded resulting in a verdict against appellant for $5,000.
After requiring a remittitur of $4,000, the court overruled
a motion for a new trial and rendered judgment against
appellant for $1,000 and costs.

Appellant urges a reversal of the judgment because the
court erred in sustaining a demurrer to his plea in abate-
ment, because of the refusal to grant a continuance, because
of improper evidence admitted, because the court gave
improper instructions on behalf of the plaintiff and modified
instructions asked by him, and because the damages awarded
are excessive.

Sec. 2, Chap. 110, R. S., provides that "It shall not be
lawful for any plaintiff to sue any defendant out of the county
where the latter resides or may be found," etc. Appellant
contends that he was not found and served with process in
La Salle county within the intent and meaning of the stat-

Cassem v. Galvin.

ute, and that the beginning of the suit in La Salle county, and the alleged service, violated his privilege as a suitor. In support of his position he cited a large number of well considered cases reported from our Federal courts and courts of last resort in different States.

While the contention that such service is not good, and that a suitor should be exempt from suit and process under such facts as are set up on the plea in abatement in this case is supported by the decisions of the Federal courts and courts of last resort in numerous States of the Union, we are compelled to follow the holding of our Supreme Court in Greer v. Young, 120 Ill. 184, and decide with the Circuit Court that the plea is bad. In the case cited the Supreme Court held that exemption from suit and process of a non-resident suitor was limited to cases of arrest on civil process and did not extend to a non-resident suitor in ordinary cases, temporarily present in the State and county for the purpose of attending the suit to which he was a party unless his presence had been obtained by some artifice, trick or fraud of the plaintiff or his counsel. While the case is not "on all fours" with this one, and the question was raised by motion, and improperly so, as held by the Supreme Court, the language employed by the learned judge who delivered the opinion is so decisive and emphatic that no doubt can be entertained as to the principle decided.

No error was committed in refusing to grant a continuance. No sufficient ground for a continuance was shown by the defendant.

Much complaint is made because of leading questions propounded to witnesses for the plaintiff. In such matters where a witness is unwilling, evasive in his answers or dull of comprehension, much discretion rests with the trial court. We have carefully examined the evidence and are not prepared to say that the court abused that discretion. It is also contended that the court erred in allowing proof of the uttering of slanderous words in Kane county, when it was alleged in the declaration that the words were uttered "in the county aforesaid," referring to La Salle county, the one in

which the suit was brought. It is contended that the proofs should have been confined to the county in which the venue was laid. The place of the offense in a suit for slander is not material; like a date, it may be proven differently from that alleged. In order to admit such proof it is not necessary that the place be stated under a *videlicit.*

We see no error of the court in giving instructions for the plaintiff or in modifying those offered by the defendant.

We do not think the damages allowed in the case and incorporated in the judgment, excessive.

Seeing no reversible error the judgment will be affirmed.