CASE 41—ACTION FOR LIBEL—MARCH 15.

# Manire v. Hubbard and Others.

APPEAL FROM HICKMAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

APPEAL AND ERROR—REJECTED PLEADING NOT PART OF RECORD—LIBEL
—WORDS CHARGING WANT OF SKILL IN PROFESSION.

Held:  1. The action of the trial court in refusing to permit a plead-
       ing to be filed can not be reviewed unless the pleading is made
       a part of the record by order of the court or bill of exceptions.
2. Words charging one in a business or profession with ignorance
   or want of skill in particular transaction are not ordinarily
   actionable *per se.*
3. A publication that there are and have been no cases of smallpox
   in a certain town, as published by plaintiff, a physician, is not
   actionable *per se.*
4. Words charging that "the negroes who were said to have the
   smallpox had no breaking out or eruption" until plaintiff, the
   attending physician, "applied a salve to their faces, and caused
   it to break out," do not charge improper treatment, unprofes-
   sional conduct, or want of integrity, and are, therefore, not ac-
   tionable *per se,* though the petition alleges that defendant meant
   thereby to charge that plaintiff "had committed an unprofes-
   sional and disgraceful act as a physician."
5  Where the words complained of are not actionable *per se,* there
   can be no recovery in the absence of an averment of special
   damage.

E. T. BULLOCK AND R. L. SMITH, ATTORNEYS FOR APPELLANT.

      (No brief in record.)

BRUMMELL & MOSS FOR APPELLEES.

      The allegations of the petition, reduced to its simplest form,
states that the appellant, Dr. Manire, was a reputable physician
engaged in the practice of his profession in and around the city
of Columbus, and had built up deservedly a large and lucrative
practice, and the appellees well knowing these facts, falsely and
maliciously wrote and published of and concerning appellant,
these false and slanderous words: "That there was no cases of

smallpox in Columbus, nor had been as set out in the letter of Drs. Manire and Graves, published in the Bardwell Star; that the negroes who were said to have the smallpox, had no breaking out or eruption until the attending physician, Dr. Manire, applied a salve to their faces, which caused it' to break out." Meaning thereby that the plaintiff had committed an unprofessional and disgraceful act as a physician.

To this petition a general demurrer was filed by defendant (appellees) which was sustained by the court. Afterwards plaintiff tendered an amended petition, which was objected to by appellees, and the objection sustained, and plaintiff then refused to plead further and the court dismissed his petition. Afterwards plaintiff again appeared in court and moved the court to set aside its order dismissing his petition and offered to file a second amended petition, which was objected to by appellees, and objection sustained and the order was permitted to stand. The questions therefore, presented for solution by this record are three:

1. The correctness of the court's ruling in sustaining the demurrer to the original petition.

2. The correctness of the court's ruling in refusing to permit the first amended petition to be filed.

3. The correctness of the court's ruling in refusing to set aside its judgment dismissing the petition and refusing to permit appellant to file the second amended petition offered to be filed.

It will scarcely be contended that the words charged in the original and amended petitions are actionable *per se*, and while it may be admitted that ambiguous words capable of both an innocent and an offensive meaning, may under proper averments be made libelous, there is nothing in the words alleged or in the inducement or colloquium in any of the pleadings, that will support the meaning attempted to be ascribed to them in the innuendo. Watson v. Hampton, 2 Bibb, 319; Beswick v. Chappel, 8 B. Mon., 486; Brown v. Piner, 6 Bush., 518; Townsend on Slander, secs. 335, 336, 441, 442; Am. & Eng. Ency., vol. 13, pp. 465, 470. See also Townsend on Slander and Libel, sec. 176, p. 185.

ROBERTSON & THOMAS, Attorneys for appellee.

In addition to the briefs of counsel, which we hereby adopt, we would say in behalf of the appellee, that neither of the amended petitions copied by the clerk into the record, are made a part of the record by any order of the court or by any bill of exceptions. These two methods are the only ones known to

the practice by which an offered, but refused pleading, can be-
come a part of the record.

Therefore, the only question before this court is the correct-
ness of the lower court's ruling in sustaining the demurrer to
the original petition. See sec. 335, Civil Code.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This was an action for libel. The substance of the peti-
tion is that appellant is a physician, with a large and lu-
crative practice; and that the appellees, knowing this fact
on the 14th of March, 1890, falsely and maliciously caused
to be published in a newspaper known as the "Bardwell
Star," a writing, signed by them, in the following words:
"That there were no cases of smallpox in Columbus, nor had
been, as set out in the letters of Drs. Manire and Graves,
published in the Bardwell Star; that the negroes who were
said to have the smallpox had no breaking out or eruption,
until the attending physician, Dr. J. W. Manire, applied a
salve to their faces, and caused it to break out." "Mean-
ing thereby that the plaintiff had committed an unprofes-
sional and disgraceful act as a physician." The lower court
sustained a demurrer to the petition. Thereupon plaintiff
offered to file two separate amended petitions, which were
objected to by appellees, and their objections were sus-
tained by the court, and the amended petitions were not
permitted to be filed. Neither were made a part of the
record by order of the court or by a bill of exceptions,
and they can not be considered upon this appeal, although
they were copied into the record. See sections 128, 335,
Civil Code, and especially note 20 to section 335, Carroll's
Code (Ed. 1900). The sole question, therefore, to be deter-
mined upon this appeal is, are the words in the original
petition libelous? "To sustain an action for libel, the
plaintiff must allege special damage, or the nature of the

charge must be such that the court can legally presume that he has been degraded in the estimation of the public. or has suffered other loss, either in his property, character, or business, in his domestic and social relations, in consequence of the publication." See Townsh. Sland. & Lib., sec. 176. "Words which are published in connection with one's profession or calling, which imputes to him ignorance generally in his business or profession, or such ignorance or incapacity as unfits him for its proper exercise, are actionable *per se;* but it is not ordinarily actionable to charge one in a business or profession with want of skill or ignorance in a particular transaction." Newell, Defam., p. 170; Townsh. Sland. & Lib., sec. 194; 13 Enc. Pl. & Prac., p. 38; Geary v. Bennett, 65 Wis., 554, (27 N. W., 335); Southee v. Denny, 1 Exch., 196; Camp v. Martin, 23 Conn., 86. It was not libelous for appellees to publish that there were no cases of smallpox in Columbus, as this is a question upon which laymen, as well as professional experts, are entitled to entertain and might express an opinion. The additional words, "That the negroes who were said to have the smallpox had no breaking out until the attending physician applied a salve to their faces, which caused it to break out," do not of themselves convey the meaning which appellant would attribute to them. There is no charge that this was improper treatment, or that it was resorted to from any corrupt or wrongful motive on the part of appellant. Nor do the words necessarily of themselves import that appellant was guilty of unprofessional conduct, or reflect upon his integrity. We are of the opinion that the words complained of were not actionable *per se*, and, in the absence of an averment of special damage, the petition was not good on demurrer, and the demurrer was properly sustained. Judgment affirmed.