### JUSTIFICATION OF SLANDER.

Common Pleas Court of Hamilton County.

#### EMMA FENYN v. JOHN FENYN.

Decided, December, 1910.

*Slander—Time, Place and Persons Present Need Not be Pleaded—Aver-
ment of Justification Works an Aggravation of Damages, When—
Verdict of $5,000 Reduced to $500—Charge of Court.*

1. In an action for slander it is not material that the time, place and
   persons in whose presence the slanderous words were uttered
   should be alleged in the petition.
2. The plea of justification by the defendant, followed by an entire
   failure to offer any evidence in support of the truth of the charges
   uttered, is not consistent with the theory of good faith or an honest
   belief on the part of the defendant in the truth of the charges and
   constitutes an aggravation of damages.
3. Where the slanderous words were spoken to a priest and in the
   presence or hearing of no one else, and were not repeated, and grew
   out of a family dissension, and counsel for plaintiff had stated dur-
   ing the trial that they would be satisfied with a verdict of $1,000,
   a verdict for $5,000 is excessive, and a new trial will be granted
   unless the plaintiff consents to a reduction of the verdict to $500.

*M. C. Lykins* and *Charles H. Jones,* for plaintiff.
*W. B. Mente* and *Oliver S. Bryant,* contra.

GORMAN, J.

On motion for new trial.

This is an action to recover damages for slander of plaintiff
by the defendant. The alleged defamatory words are actionable
*per se* as they reflect on the chastity of the plaintiff, a woman.
The petition sets forth the slanderous words, and avers that on
the 11th day of November, 1908, in a certain discourse in the
presence and hearing of divers persons the defendant mali-
ciously spoke and published them of and concerning the plaintiff.

At the trial the defendant failed to appear, although he was
represented by counsel during the entire trial, and apparently
the best effort was made by his counsel to avoid a verdict. The

jury on the submission of the case brought in a verdict in favor of plaintiff for $5,000, although her counsel in his argument to the jury stated that they, the plaintiff and himself, would be content with a verdict of $1,000.

The defendant filed first a general denial, and as a second defense pleaded the truth of the words as a justification.

The court in his charge told the jury that if they found from the evidence that the words were uttered of and concerning the plaintiff in a spirit of malice or hatred, as distinguished from malice in law, they might go beyond compensatory damages and assess against the defendant punitive damages, by way of smart money; and also allow her such a sum as seemed reasonable and proper as counsel fees.

The court further charged the jury that if they found from the evidence and the pleadings that the defendant had pleaded the truth of the slanderous words, as a justification, but on the trial had made no attempt to prove this averment or offered no evidence in support of the truth of the charge then the jury might and should take these facts into consideration for the purpose of aggravating or increasing plaintiff's punitive damages, as such conduct on the part of the defendant was in its nature adding insult to injury.

Before the answer was filed the defendant, in December, 1909, filed a motion to require the plaintiff to make her petition definite and certain by stating to whom the slanderous words were spoken, in whose presence and hearing they were spoken, and specifically in what place they were uttered. I heard this motion, and overruled the same, and at the time filed a brief written opinion with the papers holding that inasmuch as the statute, Section 5093, Revised Statutes of Ohio (now Section 11341, General Code), has specially provided that in actions for libel or slander it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff, it was neither necessary nor proper to set out in the petition, in whose presence and hearing, to whom, and the place where, they were spoken, and that such matters were evidence to be shown upon the trial.

A new trial is now urged principally on three grounds:

1st. The court erred in overruling this motion to make definite and certain.

2d. The court erred in charging the jury that they might and should take into consideration in aggravation of damages the defendant's failure to offer any evidence in support of the justification pleaded.

3d. The damages are excessive.

As to the first ground urged, counsel has been to great pains in preparing an elaborate brief, citing numerous authorities in support of his contention that the court made an error in his former ruling on the motion, and for that reason a new trial should be granted. It is urged that unless the defendant is apprised, by averments in the petition to whom, in whose presence and hearing and in what particular spot or place, the words were uttered, he will be unable to prepare his defense. Now it seems to the court that defendant of all persons ought to know whether or not he uttered the words attributed to him, and if he did utter them, he must know when and where and to whom they were spoken. The plaintiff ought not to be required to furnish defendant with evidential facts upon which plaintiff's cause of action must rest. An examination of the authorities cited by counsel for plaintiff satisfies the court that his former ruling on this motion was correct and is supported by the great weight of authorities, although there are decisions that hold that a motion of this kind should be granted, but none that the court has found under a statute similar to our Section 11341, General Code, except the case of *Haag* v. *Cooley,* 33 Kan., 387, to which allusion will hereafter be made. Counsel for defendant has cited the following case which the court has examined and will comment thereon as we proceed. Odgers on Libel and Slander, p. 533, states the rule as it exists in England, but not in this country under codes similar to ours.

The New York case following arose under a practice in that state which requires the plaintiff *after the issues are made up* by the filing of an answer in certain cases, to furnish defendant a bill of particulars setting ont certain evidential facts which he

expects to prove on the trial of the case. This is brought about by defendant, after answer, filing a motion for a bill of particular, and in some cases in actions of slander the court has granted the defendant's motion for a bill of particulars requiring plaintiff to furnish defendant, but not as a part of the pleadings, a bill of particulars setting forth the names of the persons to whom, in whose hearing, the place and time the words were spoken, but in other cases the New York courts have denied the motion. Under the New York code there is also a provision for requiring pleadings to be made definite and certain by motion of the adverse party.

In *Dent* v. *Ryan*, 8 N. Y. Sup., 806, the court refused on a motion for a bill of particulars to require plaintiff to state the names of the persons in whose presence the slanderous words were spoken, and this is all that was decided in the case.

In *Turner* v. *Beaven*, 10 N. Y. Sup., the court ordered plaintiff to furnish a bill of particulars giving the name of at least one person present at each occasion when the slanderous words were spoken. This ruling is contrary to that laid down in *Dent* v. *Ryan, supra*.

In *Rowe* v. *Washburn*, 70 N. Y. Sup., 868, the court held that the defendant was entitled to know in a bill of particulars the place where the slanderous words were uttered and the name of one witness present.

In *Mason* v. *Clark*, 78 N. Y., Sup., 327, the court allowed an order requiring plaintiff to give a bill of particulars setting out the names of the persons in whose presence the slanderous words were spoken. This was after an answer was filed denying the uttering of the words.

In *McCarron* v. *Sire*, 3 N. Y. Sup., it was held that a bill of particulars which stated the place where and the persons in whose presence the words were spoken need not state the exact time when the words were uttered.

In *Roselle* v. *Buchanan*, 16 Q. B. D., 656, it was held, where there is a practice similar to that in New York requiring bills of particular, that the defendant was entitled to know the names of the persons in whose presence the words were uttered. Grove,

Justice, in announcing the decision upholding the nisi prius court, expressed a doubt as to the defendant's right to have this information in a bill of particulars.

In *Stiebeling* v. *Lockhaus*, 21 Hun., 457, the court granted the motion to give the names of the persons and the place where the words were spoken but held that the time was immaterial and refused to require the time to be given.

In the case of *Patter* v. *Thompson*, 22 Barb. (N. Y.), 87, it was held that the defendant was not entitled to a bill of particulars giving the time and place and the names of the persons in whose hearing the words were uttered, and that these things were immaterial and might be shown on the trial, and that even different times, places and persons in whose hearing the words were uttered might be shown on the trial.

It will be seen therefore that even in New York under their peculiar practice of requiring bill of particulars after the issues are made up, there does not appear to be a uniformity of decisions on the question of the defendant's right to require the plaintiff to set out the names of the persons in whose presence, the particular place where, and the persons to whom, the slanderous words were spoken.

But even if there were uniformity of decisions on the question, this court is of the opinion that these rulings should not control in this state, where no such practice is authorized by our code as that in New York, and where on a motion to require these things to be set out in the pleadings to make definite and certain the courts have refused, in that state, to require it to be done.

The Kansas case (*Haag* v. *Cooley*, 33 Kan., 387) is therefore the only case outside of New York and England that has come to the court's attention which holds that defendant should be required to set out these matters. That case does squarely hold that the defendant has the right to have the petition made definite and certain, on motion, by setting out when and where and to whom the slanderous words were spoken, and this court would be inclined to follow this Kansas case were it not for the fact that the great weight of the authorities in other states is contrary to the holding in the Kansas case.

Without setting out specially the particular language of the courts in the cases holding a contrary rule, it will be sufficient to cite the authorities and state that the following rule is laid down in each of them generally: . .

"The time of speaking the slanderous words laid in the declaration or petition and the place where the words are spoken are immaterial. The words may be alleged to have been spoken in one place and proved in another. They may be alleged to have been spoken on a certain day and proved to have been uttered on another day, and this will be considered no variance. Nor is it necessary to name the persons in whose hearing the slanderous words were uttered." *Am. & Eng. Ency. of Pleadings & Prac.*, Vol. 13, p. 60; *Jefferies* v. *Duncombe*, 11 East., 226; *Owen* v. *McKean*, 14 Ill., 459; *Burbank* v. *Horn*, 39 Me., 233; *Cassem* v. *Galvin*, 53 Ill. App., 419; *Norris* v. *Elliott*, 39 Cal., 72; *Smith* v. *Smith*, 76 Ind., 356; *Patter* v. *Thompson*, 22 Barb. (N. Y.), 87; *Quigley* v. *McKee*, 12 Oregon, 22; *Kidder* v. *Bacon*, 74 Vt., 263; *Brueshaber* v. *Hertling*, 78 Wis., 498; *Ware* v. *Cartlidge*, 24 Ala., 624; *Marks* v. *Jacobs*, 76 Ind., 216; *Gardinier* v. *Knox*, 27 Hun., 500; *Cassem* v. *Galvin*, 158 Ill., 30; *Pegram* v. *Stoltz*, 67 N. Car., 144.

In the case of *Gray* v. *Sidelinger*, 72 Me., 114, there was a total failure to allege the time of publication, and it was held immaterial.

Numerous other authorities might be cited in support of the proposition that it is not material to allege the time and place and the persons in whose presence the slanderous words were uttered, but we think these are sufficient to show that the great weight of authority is against the defendant's contention. Surely if these matters are not material to be alleged, the court ought not require the petition to be amended by requiring immaterial matters to be set out, on a motion to make definite and certain.

The very purpose of Section 5093, Revised Statutes (11341, General Code) was to obviate the necessity of setting out these evidential facts.

*Bliss on Code Pleadings*, in Section 305, 3d Ed., says that by the provisions of the code such as ours, it was intended to and did sweep away the inducement, colloquium and the innuendo in libel and slander, so far as they relate to the application of the defamatory words.

In Indiana, whose code has a provision similar to our Section 11341, General Code, and provides that in an action for libel or slander it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff, etc., it has been held that under this statute it is sufficient to allege generally that the words were spoken of the plaintiff without stating that they were published or spoken in the hearing of any one. See *Guard* v. *Risk,* 11 Ind., 156; *Hutts* v. *Hutts,* 51 Ind., 581.

In view of the rule laid down by these various authorities, the court is of the opinion that he should adhere to his former ruling on this motion to make definite and certain, and especially in view of the facts brought out at the trial, it is not apparent to the court that the refusal to grant the motion when submitted, was prejudicial to defendant, who went to trial on his answer. If the motion had been granted and the petiition amended so as to set out all that defendant asked, it is not made to appear that the defendant would have been benefitted thereby.

As to the second ground urged for a new trial, that the court erred in charging the jury to take into consideration in assessing punitive damages the facts, if they so found, that defendant had pleaded justification and failed to offer any evidence in support thereof, we think that this charge is well within the settled law of this state.

In *Sexton* v. *Todd, Wright,* p. 316, it is said:

"An attempt to prove the charge which fails aggravates the injury by evincing a disposition to injure even at the time of trial," etc.

In *Dewitt* v. *Greenfield,* 5 Ohio, 225, the court says on p. 226:

"But spreading a plea of the truth of the words on the record in justification, is always an aggravation of the damages if not proven."

While the rule laid down in the two cases just cited has been modified by a later decision of the Supreme Court, so that it is not now an aggravation of the damages to fail to *prove* the truth if pleaded, if the defendant offers evidence tending to prove the truth but not sufficient to establish the truth; never-

theless if he offers *no evidence at all* to establish the averments of justification, his conduct can be looked upon in no other light that he has made a further malicious false charge and added another insult to the victim of his slanderous words.

In *Rayner* v. *Kinney*, 14 O. S., 283, the court reviews the authorities just cited and others in this state as well as in other states, and lays down the rule that if the defendant pleads justification by alleging the truth of the words spoken in good faith, under an honest belief in their truth and with reasonable ground for believing them true, the plaintiff is not by reason of such plea or failure of proof to sustain it, entitled to exemplary damages. But how is a plea of the truth of the words spoken and a failure to offer *any* evidence in support of the plea consistent with good faith on the part of the defendant, and an honest belief in their truth founded upon reasonable grounds? The defendant, of course, ought not to be punished if he acted in good faith on an honest belief founded on reasonable grounds, but if he did not so act, ought he not to suffer the consequences of his own rash act?

In many jurisdictions it is still the law that a plea of justification not proven is an aggravation of damages.

It is enough to show that the defendant's conduct in pleading the truth as a defense was reckless or wanton. *Burdick on Torts*, 2d Ed., pp. 317-318; *Marx* v. *Press Pub. Co.*, 134 N. Y., 561.

In *Clerks & Lindsell's Law of Torts*, Canadian Ed., p. 616, it is said:

"Motive may be shown by the conduct of the defendant and the manner in which the case is shaped for trial. Therefore where the defendant who pleaded the truth of the libel, in court neither attempted to establish the plea nor yet would retract the charge, it was held that by so acting he afforded evidence of a malicious motive in the publication." *Simpson* v. *Robinson*, 12 Q. B., p. 514; *Jackson* v. *Hopperton*, 16 C.B. (N.S.), 829.

"It has been held in several cases that the act of the defendant in putting upon record a plea of justification which he is unable to sustain is, as a matter of law, an aggravation of the wrong." *18 Am. & Eng. Ency. of Law*, 2d Ed., p. 1104; see cases there cited.

"The better and more modern doctrine however is that such a plea, unsustained by proof, does not necessarily go to aggravation of damages, but is proper to be considered by the jury in assessing the damages and may have the effect of aggravating them if maliciously or unwarrantably filed." *18 Am. & Eng. Ency. of Law,* 2d Ed., p. 1104, and numerous cases there cited.

No case will be found which does not hold that a plea of justification, without any attempt being made to offer evidence in support thereof and no retraction made, is to be considered by the jury in aggravation of damages. If this is not the sound rule of law it should be, so that such persons, especially women whose chastity is attacked, may have some protection from having spread upon the records wanton and malicious charges not founded on any reasonable grounds of belief in their truth.

The court is satisfied that no error was committed in the charge in this respect.

As to the damages being excessive, the court is of the opinion that if the jury had returned a verdict in favor of plaintiff for $500 in the light of all the circumstances of this case substantial justice would have been done and the plaintiff's good name would have been thereby vindicated. The evidence shows that the slanderous words were uttered on but one occasion and to but one person, and he a priest in charge of St. Vincent's Home for Boys, where plaintiff's little son was placed by his mother. The defendant, who was plaintiff's father-in-law, the father of her husband, was endeavoring to secure control of the child and take it from the home. On the occasion of a visit to Father Kohmescher at the home he made the charge. It was not repeated or spread further, and the circumstances under which the defendant spoke the words should be considered as well as the extent of the mischief done, in fixing plaintiff's damages. Having heard the evidence and observed the witnesses and the plaintiff in the light of all the attending circumstances, I am of the opinion that the verdict should not have exceeded $500, and a remittitur of $4,500 will be granted in the case. If the plaintiff is willing to accept a judgment for this amount the motion for a new trial will be overruled, otherwise granted.