WANDT, Respondent, vs. HEARST's CHICAGO AMERICAN, Appellant.

*September 17—October 9, 1906.*

*Libel: Picture of plaintiff in newspaper article as to another person.*

1. A newspaper article falsely stating that a person is a suicide fiend, has attempted suicide twenty-five times, and would usually go to the hospital and ask to be pumped out, is libelous as tending to bring that person into public contempt and ridicule.
2. Where a picture of plaintiff was inserted in such an article in such a way as to be in effect a statement that it was a picture of the person referred to, the article and picture together constituted an actionable libel, although the article gave as the name of the person referred to a name other than plaintiff's and although plaintiff may not have been damaged in the estimation of friends who knew her well.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action for libel. The complaint charged in effect that the defendant corporation published and circulated in its newspaper, in the city of Milwaukee, the following article with the picture or photograph of the plaintiff immediately under the first headline:

## "SUICIDE GIRL LAID TO REST.

"Evelyn Daly, Suicide.
[Photograph.]
"Evelyn Daly Succeeded in Taking Her Life After Twenty-five Attempts.
"(Special to the American.)
"Milwaukee, Aug. 17.—Evelyn Daly, daughter of Mrs. E. L. Daly, of East Lake, Mich., and who, under the name of Cecil Davis, of Cadillac, Mich., succeeded in ending her life after twenty-five attempts, was buried here today. Here are some of the attempts she has made within the last three months.

"June 5—Took morphine; went to Emergency Hospital and asked to be pumped out.

"July 5—Tried to fall on dagger, but only scratched her neck.

"July 30—Jumped off open bridge, but found water too cool for comfort and yelled for help, which came in time to save her life.

"August 14—Took carbolic acid and died at Emergency Hospital.

"Miss Daly was known to the police as a suicide fiend. She would try to commit suicide at the least provocation.

"She never tried hanging. She said she didn't like the illuminating gas method, and only tried that once. But carbolic acid, morphine, and laudanum were common poisons to her. She came here about five years ago and soon manifested her suicidal mania. Usually after taking poison she would call for the police patrol to take her to the hospital, or go herself and get the poison removed.

"Sometimes she was too far gone to make her own call for help, but this was seldom,"

—and that the defendant thereby falsely, wilfully, and maliciously charged the plaintiff with having committed suicide, and with having many times attempted to commit suicide, to her great damage. A general demurrer to the complaint was overruled, and the defendant appeals.

For the appellant there were briefs by *Robert N. McMynn,* attorney, and *Darrow, Masters & Wilson,* of counsel, and oral argument by *Mr. McMynn.* They cited *Butler v. News-Leader Co.* (Va.) 51 S. E. 213; *Bianchi v. Star Co.* 95 N. Y. Supp. 28, 30–32; Townshend, Slander & L. (4th ed.) §§ 95, 96, 108, 137, 140; Newell, Defamation, S. & L. pp. 259, 260; *Hanson v. Globe N. Co.* 159 Mass. 293; *Cook v. Tribune Asso.* 5 Blatch. 352, 356; *Robertson v. Edelstein,* 104 Wis. 440, 443.

For the respondent there was a brief by *Fiebing & Killilea,* and oral argument by *O. G. Hackbarth.*

WINSLOW, J. It is elementary that written or printed publications which falsely tend to bring the plaintiff into

public disgrace, contempt, or ridicule are libelous. *Bradley v. Cramer,* 59 Wis. 309, 18 N. W. 268. It is also elementary that a libel need not be in printed language, but that a caricature or picture or effigy, with or without printed language, which is understood to refer to the plaintiff, and which has the tendency to bring disgrace, contempt, or ridicule upon the plaintiff, is libelous. Newell, Slander & L. (2d ed.) ch. 4, § 1, p. 43.

A printed statement to the effect that a person is a suicide fiend, has attempted suicide twenty-five times, and would usually go to the hospital and ask to be pumped out, certainly has a tendency to bring that person into public contempt and ridicule. Had the article in question given no name, but simply stated that the person whose picture was given had done these things, there would be little doubt in the mind of any one that it would have been libelous, provided the picture was accurate enough to be recognized as the plaintiff's picture. From the allegations of the complaint it must be assumed that the picture was fairly accurate, as it is called a photograph, doubtless meaning a halftone reproduction of a photograph, which can now be made with a considerable degree of accuracy.

The insertion of the picture under the headline of the article is, of course, in effect a statement that it is a picture of the person referred to in the article. Hence the article and picture together constitute a libel as matter of law, unless the fact that the article states that the suicide's name was Evelyn Daly can be held to be an antidote to the otherwise libelous effect. This contention is strongly made by the appellant, and is in fact the only contention worthy of very serious consideration.

It seems quite true, as urged by the appellant, that persons who knew the plaintiff well, and knew her residence and family, would probably not be misled, but would at once conclude that the picture was inserted by mistake; but there may

well be a considerable number of persons, who only know the plaintiff by sight or have merely a slight acquaintance, who would recognize the picture at once, and would conclude that the article in fact did refer to the plaintiff, concluding (if they knew the plaintiff's name at all) that such name was merely another *alias*. The complaint alleges that the plaintiff has been greatly damaged by the publication. There is ample room for the inference that she may well have been damaged in the estimation of the classes of people last mentioned. The fact that she may not have been damaged in the estimation of friends who knew her well would only affect the extent of injury and mitigate the damages. A very similar case where a like result was reached will be found in *De Sando v. New York Herald Co.* 88 App. Div. 492, 85 N. Y. Supp. 111.

*By the Court.*—Order affirmed.