## WOOLF v SCRIPPS PUBLISHING CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10463. Decided May 5, 1930

Ralph Stickle, Cleveland, and Loomis & Caris, Ravenna, for Woolf.

Baker, Hostetler & Sidlo, Cleveland, for Pub. Co.

**SULLIVAN, J.**

There can be no question but that this was a necessary allegation because the plaintiff could not recover against the publishing company under either pleading unless the so-called defamatory words were published of and against her, and for the pleading to be silent upon this question would render it in our judgment, fatally defective and consequently the court committed no error in sustaining the demurrer to the original petition.

Libel is a false and malicious publication against an individual, whether the same is in print or writing or pictured, with the intent to either injure the reputation of a person or expose him to public contempt or ridicule. **Watson vs Trask, 6 O. 531.** Thus it must appear by way of allegation that the language alleged to be libelous must affirmatively and intrinsically appear to be against and concerning the plaintiff in the action.

From an examination of the publication in question, instead of this affirmative and intrinsic quality there appears to be language of a negative character because the picture in question which is claimed to be that of the plaintiff, is designated in the publication as the likeness of Mrs. Ruth Felgenauer of 11002 Nelson Avenue, and there is no allegation in the petition or amended petition that plaintiff has any resemblance to Mrs. Ruth Felgenauer. Again, it appears from the language of the publication that the parties to the divorce were Mr. and Mrs. Clyde Henry and the result of the divorce as appears by the language, was the granting of a decree in favor of Mrs. Henry and against Mr. Henry.

There is nothing in the language of an affirmative or intrinsic nature which makes any allegation whatsoever against the plaintiff in error, Alta Woolf, but it is claimed that inasmuch as it is alleged that the picture is that of Alta Woolf that the defamation naturally arises therefrom, but a reading of the entire publication becomes conclusive that Alta Woolf is not intended. In other words, the full significance and meaning of the publication is such that it is not calculated, from its intrinsic quality, to lead persons reading it to believe that it referred to the plaintiff, and that is the question at issue, and not the question as to whether it did or did not refer to plaintiff, and this proposition of law is laid down in

Ball vs Evening American Publishing Co. 237 Ill., 592; 86 N. E. 1097.

This status, taken in connection with the absence of any allegation with respect to the resemblance between the two parties as noted, makes it clear that there is an absence of a showing by way of allegation affirmatively appearing that the language published was of and concerning the plaintiff.

From the argument of counsel for plaintiff in error, it would follow that the article is libelous against plaintiff because it states that "Mrs. Ruth Felgenauer of Cleveland exerted a hypnotic influence over Clyde Henry, the husband" but that allegation does not in any way support the claim that reference was had to Mrs. Alta Woolf of Mantua, Ohio. Supporting this view we cite 36 C. J. 1161 as follows:

"Under the rule that the liability of defendant depends on whether the defamation is calculated from its intrinsic quality to lead other presons to believe that it referred to plaintiff it has been held that the publication of a portrait of plaintiff annexed to a libelous article is not necessarily actionable if the persons reading it did not believe it to refer to plaintiff by virtue of the intrinsic quality of the article and other circumstances."

The case of Ball vs Evening American Publishing Co. supra is cited in opposition of the views herein expressed but the 5th syllabus of this case is in conformity to our views that notwithstanding the picture, if the article in question affirmatively and intrinsically shows that there is either a mistake or a strong resemblance that then and thereupon the article itself separates the picture from the defamatory matter and therefore it was not published of and concerning the plaintiff.

That a picture may be the basis of a cause of action for libel there can be no question, under the definition of "libel" noted above, but if the matter published clearly shows that the person represented by the picture was not intended and definitely shows that it directly concerned some one else, then there can be no damages because the language itself by designating a person other than plaintiff, has eliminated the plaintiff from any connection with the publication.

Holding these views the judgment of the common pleas court is hereby affirmed.

Vickery, P. J., and Levine, J. concur.