## PETRANSKY v VINDICATOR PTG CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

E. L. Williams, Youngstown, for plaintiff in error.

M. S. Wilkinson, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

Giving consideration now to the first contention of plaintiff, hereinabove quoted, it is evidently the understanding of counsel for the defendant that the petition should have specifically alleged in so many words that the matter alleged to be libelous is "of and concerning the plaintiff."

Sec 11305, GC, reads:

'What petition must contain. 1. A statement of facts constituting a cause of action, in ordinary and concise language."

Sec 11341, GC, reads:

"Libel and slander. In an action for a libel or slander it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff. * * *."

In the petition it is alleged:

"That comprising a part of said story and printed therein, said defendant falsely, maliciously, carelessly and negligently inserted a picture of plaintiff, charging him with being the convict, George M. Paulin, hereinbefore referred to, and charging him by the publication of said picture with having committed the offense of highway robbery, of being a convict, of having been confined in various institutions, with associating with thieves, and with receiving communications from the said Hauptmann hereinbefore referred to."

It is not understood by this court that the requirement of §11341 GC, hereinbefore quoted, requires that the petition use the precise words that "the defamatory matter was published or spoken of the plaintiff," and that it is a sufficient allegation in this respect if it appears that, from the language of the petition, the matter complained of was published of the plaintiff.

The petition sets out at considerable length the manner and the conditions under which the alleged libel was committed, and indicating quite conclusively that the defamatory matter complained of was published of and concerning the plaintiff as a matter of fact.

Attached to the petition, and made a part thereof as Exhibit A, is a part of the newspaper published by the defendant September 23, 1934, in which several articles appear under large head lines, as described in the petition. In connection therewith and as a part thereof appears a portrait of the plaintiff. Presumably it was a mistake on the part of the defendant to thus use a picture of the plaintiff. Nevertheless, this portrait was published, indicating that the picture was that of the person, namely George M. Paulin, who was the object of the defamatory articles published in connection with the picture.

For his contention that the petition was fatally defective in failing to specifically say that the matter claimed to be libelous is "of and concerning the plaintiff", he relies very largely upon the case of Woolf v Scripps Publishing Company, 35 Oh Ap, 343, (8 Abs 395), decided by the Court of Appeals of Cuyahoga County, May 5th, 1930. The alleged defamatory article in this case is as follows:

"Sued for Balm
(Picture or Photograph)

Patrolman Clyde Henry fell under a 'Mystical and hypnotic' influence that Mrs. Ruth Felgenauer (above) 11002 Nelson Avenue, exerted, his wife charges in asking $25,000 from the latter. Mrs. Henry, who lives at 1399 E. 123 St., won a final divorce decree from Henry recently and immediately filed an alienation suit through Attorney Dan J. Fishman."

The picture or photograph intended to be that of Clyde Henry was that of the plaintiff Woolf. The syllabus reads as follows:

"1. Petition for libel must allege defamatory words were published of and concerning plaintiff."

Irrespective of the correctness of this statement, it may be suggested that it had no real part in the consideration of the case, for the reason that the failure to expressly allege these words occurred in the petition in this action. However, those words were supplied in an amended petition upon which the issue was submitted, so that there was no issue before the court upon that proposition.

The fourth syllabus reads as follows:

"4. Petition for libel by publication of plaintiff's portrait referred to as another person held insufficient for failure to allege publication concerned plaintiff."

It is not understood how the court reached this conclusion of failure to allege publication concerning the plaintiff, when, as before stated, that allegation appeared in the amended petition.

In this case the court, in the opinion, page 346, makes the following quotation from 36 C. J., 1161:

"Under the rule that the liability of defendant depends on whether the defamation is calculated from its intrinsic quality to lead other persons to believe that it referred to plaintiff, it has been held that the publication of a portrait of plaintiff annexed to a libelous article is not necessarily actionable, if the persons reading it would not believe it to refer to plaintiff by virtue of the intrinsic quality of the article and other circumstances."

In this connection it is noted that immediately preceding the language quoted from Corpus Juris, the following appears:
"The publication of the portrait of plaintiff annexed to a libelous article is actionable although done by mistake. But—"

So that it appears that from the whole paragraph the general rule is that the publication of a portrait of plaintiff annexed to a libelous article is actionable, although done by mistake. Reference is made to numerous citations of authorities, and only one citation is made following the quotation appearing in Woolf v Publishing Company, it thus being indicated that the quotation copied into the opinion is the exception and not the general rule.

This opinion also cites Ball American Publishing Company, 237 Ill., 592; 86 NE, 1097. The case thus cited was not one involving the sufficiency of a petition tested by demurrer, but is a case which was submitted to the jury and was reversed for instructions given to the jury found to be erroneous by this court.

Counsel for defendant in brief also refers to this case and quotes in full the unreported case of James P. McCormack v Louisville Courier Journal Company, which is a Common Pleas decision of Jefferson County, Kentucky. This opinion, while from its language is favorable to the contention of the defendant, cites no authorities in its support.

Counsel for the plaintiff, in support of the sufficiency of the petition, cites and quotes from the case of Peck, Petitioner v Tribune Company, Supreme Court of the United States, Vol. 214, page 185. The syllabus in this case reads as follows:

"The publication of a portrait with a statement thereunder imports that the original of the portrait makes the statement even if another name be attached to the statement. Wandt v Hearst's Chicago American, 129 Wis., 419; Morrison v Smith, 177 N. Y., 366, approved on this point.

Publication of the portrait of one person with statements thereunder as of another, by mistake, and without knowledge of whom the portrait really is, is not an excuse. A libel is harmful on its face, and one publishing manifestly hurtful statements concerning an individual does so at his peril; and, if there is no justification other than that it was news or advertising, he is liable if the statements are false or are true only of some one else. See Morasse v Brochu, 151 Mass., 567.

An unprivileged falsehood need not entail universal hatred to constitute a cause of action; to be libelous a statement need not be that the person libelled has done or said something that every one, or even a majority of persons in the community, may regard as discreditable; it is sufficient if the statement hurts the party alluded to in the estimation of an important and respectable part of the community.

A woman, whose portrait is published in connection with an endorsement of a brand of whiskey may be seriously hurt in her standing with a considerable portion of her neighbors and she is entitled to prove her case and go to the jury.

Quaere and not decided whether the unauthorized publication of a person's likeness is a tort per se.

154 Fed. Rep., 330, reversed."

Statement of the issues from the opinion, page 188:
"This is an action on the case for a libel. The libel alleged is found in an advertisement printed in the defendant's newspaper, The Chicago Sunday Tribune, and so far as material is as follows: 'Nurse and patients praise Duffy's—Mrs. A. Schuman, One of Chicago's Most Capable and Experienced Nurses. Pays an Eloquent Tribute to the Great Invigorating, Life-giving and Curative Properties of Duffy's Pure Malt Whiskey.' Then followed a portrait of the plaintiff, with the words, 'Mrs. A. Schuman,' under it. Then, in quotation marks, 'After years of constant use of your Pure Malt Whiskey, both by myself and as given to patients in my capacity as nurse, I have no hesitation in recommending it as the very best tonic and stimulant for all weak and run down conditions'."

Referring again to the case of Woolf v Scripps Publishing Company, supra, it is said in the opinion, on page 345:

"There is nothing in the language of an affirmative or intrinsic nature which makes any allegation whatsoever against the plaintiff in error, Alta Woolf, but it is claimed that, inasmuch as it is alleged that the picture is that of Alta Woolf, the defamation naturally arises therefrom, but a reading of the entire publication becomes conclusive that Alta Woolf is not intended. In other words, the full significance and meaning of the publication is such that it is not calculated, from its intrinsic quality, to lead persons reading it to believe that it referred to the plaintiff, and that it is the question at issue, and not the question whether it did or did not refer to plaintiff."

This quotation states substantially the further contention of the defendant that it can not be inferred from the alleged defamatory article in the instant case, that it would be believed that the plaintiff was intended by reason of the insertion of his photograph, but the article would be construed as indicating that the convict Paulin was the only person indicated by reason of the manner of the publication of the article and of the picture.

In this connection in Peck v Tribune Co., supra, it is said in the opinion on page 188:

"At the trial, subject to exceptions, the judge excluded the plaintiff's testimony in support of her allegations just stated, and directed a verdict for the defendant. His action was sustained by the Circuit Court of Appeals.

Of course the insertion of the plaintiff's picture in the place and with the concomitants that we have described imported that she was the nurse and made the statements set forth, as rightly was decided in Wandt v Hearst's Chicago American, 129 Wis., 419, 421. Morrison v Smith, 177 N. Y. 366. Therefore the publication was of and concerning the plaintiff, notwithstanding the presence of another fact, the name of the real signer of the certificate."

Here the Supreme Court directly answers the contention of the defendant that Paulin and not the plaintiff would be understood as referred to in the libelous article. The court continues:

"Many might recognize the plaintiff's face without knowing her name, and those who did know it might be led to infer that she had sanctioned the publication under an

alias. There was some suggestion that the defendant published the portrait by mistake, and without knowledge that it was the plaintiff's portrait or was not what it purported to be. But the fact, if it was one, was no excuse. If the publication was libelous, the defendant took the risk. * * * A libel is harmful on its face. If a man sees fit to publish manifestly hurtful statements concerning an individual, without other justification than exists for an advertisement or a piece of news, the usual principles of tort will make him liable, if the statements are false or are true only of some one else. See Morasse v Brochu, 151 Mass., 567, 575."

This quotation from the opinion answers the contention of defendant that it was for the construction of the court as to whether or not the article was libelous or whether it would be believed to refer to the plaintiff. Again, it is said in the opinion, on page 190:

"But obviously an unprivileged falsehood need not entail universal hatred to constitute a cause of action. No falsehood is thought about or even known by all the world. No conduct is hatred by all. That it will be known by a large number and will lead an appreciable fraction of that number to regard the plaintiff with contempt is enough to do her practical harm."

Further quotation will not be made from the opinion, which is otherwise interesting and conclusive in this action. The petition having stated a cause of action, it became the duty of the court to submit the case to a jury under appropriate instruction.

Reference is also made to D. Sando v New York Herald, 85 N. Y. Supp., page 111: The syllabus reads:

"One publishing a photograph in connection with a libellous article referring specifically to it, is responsible for the libel to him whose likeness is published, though another's name be printed beneath it, and the article states facts tending to show he is not the person referred to."

Referring to a contention of counsel for the defendant it is said in the opinion:

"It is suggested, however, that persons who knew plaintiff's real name, and who read the article through, would be led to the conclusion that the article does not refer to the plaintiff. These considerations may go to mitigate the damages, but they in no sense destroy the libelous character

of the act in producing the plaintiff's photograph in connection with an article which is libelous per se, and which refers to the photograph as that of the person to whom the article relates. It is pure assumption to assert that all who see it will read the article, or that all who may read it will be acquainted with the real name of the plaintiff. Many will look only at the picture and the headlines of the article, and thus associate the man whose photograph is given with an article describing him as a bandit and a murderer."

In the case of Farley v Evening Chronicle Publishing Company, 87 SW Rep., 566, it is said in the syllabus:

"Where a publication was libelous per se as to plaintiff, malice will be presumed notwithstanding the reference to plaintiff and the publication of the picture in connection with the libelous publication was a mistake on the part of the defendant's editor."

In the petition under consideration it was alleged that as a result of the publication the plaintiff was discharged and unable to secure employment, thus indicating that it was believed that he was the guilty party. As a definition of libel and as indicating that the use of a picture may constitute libel, it may be interesting to quote from 4 Bacon's Abridgement of the Law, published in 1798, page 450:

"But it is clearly agreed that not only written or printed scandal comes within the notion of a libel, but it may be also applied to any defamation whatsoever expressed either by signs or pictures."

It follows that after a somewhat careful consideration of the pleadings, the briefs, the oral arguments of counsel and authorities cited and considered, the conclusion is reached that the petition in question stated a cause of action and was not properly subject to the demurrer made thereto, and that the trial court erred in sustaining the demurrer to the petition and dismissing the case, and that therefore the judgment of the Court of Common Pleas should be and is reversed and the cause remanded.

Judgment reversed.

CARTER & NICHOLS, JJ, concur.