Don M. BREADY

v.

Richard GEIST and Douglass Township.

Civ. A. No. 79–329.

United States District Court,
E. D. Pennsylvania.

Aug. 24, 1979.

William J. Brennan, King of Prussia, Pa., for plaintiff.

Edwin F. McCoy, Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Don M. Bready commenced this action against Douglass Township and Richard Geist, a police officer employed by the Township, on January 25, 1979. In his original complaint, plaintiff alleged in great detail the actions of Officer Geist upon which he based his claim under 42 U.S.C. § 1983. In regard to Douglass Township, however, the complaint merely alleged that "Defendant Douglass Township is responsible in law for all acts [under color of state law] performed by Richard Geist." Complaint ¶ 6. Douglass Township moved to dismiss since the only basis of liability supported by the allegations against it was *respondeat superior. See Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff admitted that the complaint against Douglass Township, as originally cast, was based strictly on *respondeat superior.* Plaintiff's Reply to Motion of Defendant Douglass Township to Dismiss, ¶¶ 2, 3. Plaintiff therefore moved for leave to amend, and by an earlier Order we granted plaintiff's motion. *Bready v. Geist,* C.A. No. 79–329 (E.D.Pa. Apr. 11, 1979). Douglass Township has now moved to dismiss the amended complaint.

Plaintiff's amended complaint states that "Defendant Douglass Township is responsible in law for all acts [under color of state law] performed by Richard Geist by virtue of the doctrine of respondeat superior and/or by virtue of common law negligence, carelessness and recklessness in failing to properly train and supervise Richard Geist . . . ." Amended Complaint ¶ 6. Count III of the Amended Complaint elaborates: "Defendant Douglass Township acted in a negligent and/or reckless manner in failing to properly train and supervise defendant Richard Geist and in permitting him to act as a police officer despite prior knowledge of his propensity to harass and mistreat citizens." *Id.* at ¶ 31.

In *Monell, supra,* the Supreme Court described the instances in which a municipality may be sued directly under § 1983:

Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

436 U.S. at 690–91, 98 S.Ct. at 2035–2036 (footnote omitted). The question posed, therefore, is whether plaintiff's amended complaint, viewed in light of the guidance provided by *Monell,* states a claim against Douglass Township upon which relief can be granted.

■ It is clear at the outset that plaintiff's amended complaint does not specifically allege that the actions of Officer Geist which deprived plaintiff of his constitutional rights were in furtherance of any policy, ordinance, regulation, or custom of Douglass Township. In *Cain v. Veal,* C.A. No. 78–2567, slip op. at 14 (E.D.Pa. Mar. 19, 1979), a similar failure was relied upon as grounds for dismissing a complaint against the municipal defendant. We do not believe, however, that the failure to incant specific language is necessarily dispositive of a motion to dismiss. If the allegations of plaintiff's amended complaint suggested a policy or custom of Douglass Township which was responsible for the deprivation of plaintiff's rights, the precise terminology employed by plaintiff would be of little consequence. Plaintiff's amended complaint, however, is devoid of factual allegations of this sort regarding defendant Township. The absence of such allegations is significant. The Third Circuit has cautioned that a complaint alleging violations of civil rights must be pleaded with specificity in order to withstand a motion to dismiss. *Kauffman v. Moss,* 420 F.2d 1270, 1275 (3d Cir. 1970). *See also Curtis v. Everette,* 489 F.2d 516, 521 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974) (complaint alleging intentional, willful and reckless failure to provide adequate training to prison guards dismissed for failure to allege supporting facts). As Judge Luongo has noted, however, "[t]he specific pleading rule does not require the plaintiff to plead all the evidence in support of her claim; it merely requires the pleading of allegations sufficient to assure the court that the claim has some basis in fact." *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963, 973 (E.D.Pa.1977). Plaintiff's amended complaint, however, does not contain the minimal amount of specific allegations against the Township required in a civil rights action. It contains no factual allegations that suggest that Officer Geist's actions were implementing a policy, ordinance, regulation, or custom of Douglass Township. Nor does it specifically allege that the Township's negligence or reckless training and supervision of Officer Geist caused the deprivation of plaintiff's rights. *See Snow v. Winston,* 447 F.Supp. 883, 885 (W.D.La.1978). Because of the conclusory nature of plaintiff's allegations against the Township, it is impossible to ascertain the precise nature of the "policy" or "custom" which may have resulted in the alleged deprivation of plaintiff's rights. We can not determine, for example, whether plaintiff contends that the Township had a policy of condoning unconstitutional acts against him specifically, or whether he contends that the Township was generally indifferent to the training and supervision of its police force.

■ Following the Supreme Court's holding in *Monell,* the federal courts are beginning to fashion a body of law dealing with the precise circumstances that may support liability of municipalities in § 1983 actions. Because the issue whether simple negligence can give rise to § 1983 liability remains an open question, *see Baker v. McCollan,* —— U.S. ——, ——, 99 S.Ct. 2684, 61 L.Ed.2d 433 (1979), it is particularly desirable that courts faced with motions to dismiss § 1983 actions have the benefit of complaints that reveal the precise nature of the claims asserted. As discussed *supra,* the instant complaint does not contain sufficient specific allegations to enable us to define its contours.

We realize that the requirement of pleading with specificity in civil rights cases often presents an obstacle to plaintiffs who may have a valid claim but who, at the time of filing, lack knowledge of many of the facts which they must allege. This problem was discussed in *Schweiker v. Gordon,* 442 F.Supp. 1134 (E.D.Pa.1977), in which Judge Luongo observed that "[i]t may well be that, if [defendant police commissioner] O'Neill knew that these policemen were engaged in a continuous practice of unconstitutional conduct and nevertheless refused to take any action to rectify that situation, he could be held personally accountable for his intentional failure to prevent civil rights violations by these policemen." *Id.* at 1140.

He nevertheless dismissed the complaint against O'Neill because there was no specific factual support in the complaint for that sort of claim. Judge Luongo noted that

> [a]lthough they have not yet been identified, the policemen remain defendants in this action and, once plaintiff succeeds in identifying them, he may gain access to their personnel files through discovery. Should access to those files provide plaintiff with information which enables him to sufficiently allege a civil rights claim against O'Neill, plaintiff may amend his complaint to add O'Neill as a defendant.

*Id.* at 1141. Plaintiff's task in this case is much less onerous. The allegedly offending officer is known to plaintiff and subject to discovery. It would appear a simple matter, for example, for plaintiff to learn from Geist the extent of the training he has been provided. In this manner it is possible that plaintiff could glean the facts which he must allege to support his complaint against the Township. Moreover, the information that plaintiff requires may already be in his possession. We will therefore permit plaintiff, who has been represented throughout these proceedings by counsel, to file a second amended complaint, subject to the requirements of Federal Rule of Civil Procedure 11,[1] to state his claim against Douglass Township. If plaintiff cannot, consistent with Rule 11, plead sufficient facts in support of his claim against the Township at this time, and if during the discovery process he obtains information upon which he can base a claim, he may at that time move to amend his complaint.

---

**1.** Rule 11 provides in part that "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney consti- tutes a certificate by him that he has read the pleading; [and] that to the best of his knowledge, information, and belief there is good ground to support it; . . . ."