**BAXTER TRAVENOL LABORATORIES, INC., et al., Plaintiffs,**

v.

**William E. LeMAY, et al., Defendants.**

**No. C–3–80–362.**

United States District Court, S. D. Ohio, W. D.

Dec. 30, 1981.

See also D.C. 536 F.Supp. 247.

G. David Schiering, William H. Blessing, Roger F. Lewis, Cincinnati, Ohio, for plaintiffs.

Jon Sebaly, John Gall, Dayton, Ohio, for defendants.

DECISION AND ENTRY ON MOTIONS; COUNTERCLAIM DEFENDANT WARNICK'S MOTION FOR A MORE DEFINITE STATEMENT OVERRULED; PLAINTIFFS' MOTION FOR AN ORDER THAT CERTAIN DOCUMENTS OBTAINED BY DEFENDANTS' COUNSEL FROM PIER, INC., BE PROTECTED FROM DISCLOSURE SUSTAINED; DEFENDANT'S MOTION TO COMPEL DISCOVERY SUSTAINED

RICE, District Judge.

This matter is before this Court upon three motions, to wit:

(1) the motion by the counterclaim Defendant David L. Warnick for a more definite statement pursuant to Fed.R. Civ.P. 12(e);

(2) the Plaintiffs' motion for an order that certain documents obtained by Defendants' counsel from Pier, Inc., be protected from disclosure pursuant to the Protective Order filed in this action on March 20, 1981;

(3) consideration of the motion by the Defendant Phoenix Glove Co., Inc. (Phoenix), to Compel Discovery, which this Court *conditionally* sustained on August 4, 1981, pending the filing of an affidavit by the Plaintiffs setting forth burdensomeness should said motion become final; Plaintiffs have duly filed the affidavit.

A description of the parties and issues in this case is more fully set forth in *Baxter Travenol Laboratories, Inc. v. LeMay,* 89 F.R.D. 410 (S.D.Ohio 1981).

## A. MOTION BY THE COUNTERCLAIM DEFENDANT WARNICK FOR A MORE DEFINITE STATEMENT IS OVERRULED

In the Fourth Claim for Relief in the Amended Counterclaim, Defendants allege that David Warnick "made various untrue statements about Phoenix and its officers to Baxter Travenol," including that "Phoenix, its officers and others conspired to misappropriate confidential business information of Baxter and Travenol." The counterclaim also alleges that Warnick "knew or should have known" that said statements were false and defamatory, and that he made them with malice. Amended Counterclaim, Fourth Claim for Relief, ¶¶ 1–4.

Warnick vigorously argues that said Claim for Relief is incompletely pleaded and moves for a more definite statement pursuant to Rule 12(e). Specifically, Warnick contends that the defamatory statements must be set forth and the time, place, and context of the alleged defamatory statements must be identified. Such detail is required, he argues, in order to "frame a responsive pleading," Rule 12(e), and to be able to raise such defenses as the statute of limitations or privilege, and to ascertain which state's law governs the claim.

■ At the outset, this Court notes that the requirements of the Federal Rules of Civil Procedure, not state rules, govern the adequacy of the pleading herein. While the *substantive* resolution of counterclaims entertained by a federal court pursuant to ancillary or pendent jurisdiction (as herein) are governed by state law, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the sufficiency of pleadings is clearly a matter of "procedure", not "substance", and is governed by federal law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747–51, 100 S.Ct. 1978, 1983–85, 64 L.Ed.2d 659 (1980); *Lones v. Detroit, T. & I. R. Co.*, 398 F.2d 914, 917–18 (6th Cir. 1968), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969); *Sander v. Providence Hospital*, 483 F.Supp. 895 (S.D.Ohio 1979). Moreover, this Court notes with interest that Ohio law parallels the generally relaxed pleading requirements of the Federal Rules, in actions for libel or slander. An Ohio statute simply requires that "it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff." O.R.C. § 2739.01. Case law interpreting this provision has held that neither the time or place, *Fenyn v. Fenyn*, 11 Ohio N.P. (n.s.) 17, 25 Ohio Dec. 385 (Hamilton Cty.C.P.Ct.1910), nor the precise words need be alleged in a petition. *Petransky v. Vindicator Printing Co.*, 51 Ohio App. 306, 200 N.E. 647, 20 Ohio L.Abs. 82 (Mahoning Cty.App.Ct.1935).

■ Under the Federal Rules, it is only necessary that averments in a pleading be "simple, concise, and direct." Rule 8(e)(1). It is, therefore, not necessary to adhere to the strict pleading requirements for libel and slander actions that existed at common law. *See Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980); 5 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1245 at 222 (1969). This Court declines to follow the statements to the contrary found in *Sorin v. Board of Education of the City School District of Warrensville Heights*, 464 F.Supp. 50, 53 (N.D.Ohio 1978). In holding that the language of allegedly defamatory statements must be set out in the complaint, the *Sorin* Court simply cited the treatise by Professors Wright and Miller. *Id.* However, as pointed out above, the treatise authors observed that technical rules of pleading for defamation do survive in *some* federal decisions, but argued that such decisions are inconsistent with the liberalized requirements of Rule 8(e)(1).

■ Pleading under the Federal Rules "is designed to give notice to the Court and other parties of the nature of the action and the relief sought." *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). Defendant's counterclaim with respect to Mr. Warnick provides such notice, albeit barely so. Technical pleading requirements need not be complied with. The pleading of additional information, which may allow Mr. Warnick to raise the defenses noted above, is unnecessary

and is available through discovery. *Geisler v. Petrocelli, supra,* 616 F.2d at 640.

For the aforestated reasons, Warnick's motion for a more definite statement is not well taken and is hereby overruled.

## B. MOTION FOR AN ORDER THAT CERTAIN DOCUMENTS OBTAINED BY DEFENDANTS' COUNSEL FROM PIER, INC., BE PROTECTED FROM DISCLOSURE PURSUANT TO THE PROTECTIVE ORDER IS SUSTAINED

■ On March 20, 1981, this Court issued a Protective Order, pursuant to the stipulation of the Plaintiffs and the Defendants. The Order provided, in pertinent part, that "[a]ll documents produced by any party or any third party witness" would be "accorded confidential treatment." Protective Order at 1. The order further provided that additional, "restricted information" could be accorded confidential treatment "by stamping the documents at the time of production with words such as 'restricted'" and the like. *Id.* at 2. Any party could apply to this Court for a determination of whether the designation of a document as "restricted information" was proper. *Id.*

Plaintiffs on September 22, 1981, orally moved this Court for an order that certain documents produced on the same day by a third-party witness, Robert Shanahan, and all copies of said documents be designated as "restricted information" pursuant to the Protective Order. In a Decision and Entry filed on October 16, 1981, this Court sustained Plaintiff's motion, to the extent that said documents were *temporarily* designated as "restricted information," pending the filing of a motion to make the provisions of the Order permanent. Plaintiffs duly filed such a motion, and Defendants filed a memorandum in opposition to the granting of said motion.

Plaintiffs took the deposition of Mr. Shanahan, the chief executive officer of Pier, Inc., on September 22, 1981. Pier is the sales representative for Despatch Industries, Inc., in the sale to both Plaintiffs and Phoenix of equipment used in manufacturing gloves. During the deposition, Plaintiffs learned that Mr. Dyer, one of Defendants' attorneys, had requested and had been permitted to take blueprints from Pier files to copy. Said files included Despatch-drawn blueprints and proposal descriptions for Plaintiff's machinery, including equipment acquired by Plaintiffs *after* the individual defendants left the employ of the Plaintiffs. Plaintiffs immediately sought to designate the *copies* of the blueprints and other documents contained in the Pier filed as "restricted information."

The designation of said copies as "restricted information" is fully justified, Plaintiffs contend, under the language and spirit of the Protective Order. They argue that Defendants' attorneys knew that Plaintiffs would want any blueprints of its machinery to be considered confidential. Indeed, Defendants have argued that blueprints of *Phoenix* machinery in the Pier files are confidential. There is no reason for Phoenix to have access to these blueprints, and Plaintiffs could suffer irreparable commercial injury if competitors had access to the blueprints and other documents.

Defendants assert that none of the documents in the Pier files were stamped as "restricted" or "confidential." The documents were not so stamped when they were "produced" by a witness, as per the Protective Order, and Plaintiffs only seek to *retroactively* designate them as "restricted information." The Protective Order, Plaintiffs contend, simply does not apply to documents obtained from a third party outside of the formal discovery process. Moreover, designating the documents as "restricted information" would interfere with Defendants' ability to properly prepare a defense to the Plaintiffs' allegations that the Defendants misappropriated trade secrets.

Upon carefully reviewing the arguments of the parties, this Court holds that the designation of the blueprints in question as "restricted information" was proper. The language of the Protective Order, taken as a whole, seems to encompass *both* "formal" and "informal" discovery, to use the terms

suggested by the Defendants. That is, the Order can apply to information obtained through discovery methods by counsel for one party when counsel for the other party is not present. This Court could find no case law authority for this proposition (and the parties have cited none), but it is not foreclosed by the language of Fed.R.Civ.P. 26(a), describing a variety of "discovery methods." Once this proposition is accepted, it follows that the counsel of one party cannot be expected to designate documents as confidential at the time of "production," when counsel would not be present at the production. Counsel would be obliged, of course, to so designate documents (if they wished) once they learned that a third party (such as Mr. Shanahan herein) had "produced" documents for counsel of the other party.

In addition to the above stated reasons, this Court acknowledges the potential for serious injury to Plaintiffs if their competitors were to have access to the blueprints and documents in question. Moreover, contrary to the assertion of Defendants' counsel, they would *not* be hampered in their defense in this action, since the Protective Order expressly permits the *counsel* for the parties (but not the parties themselves) to examine the "restricted information" to pursue discovery and to prepare for trial. Protective Order at 3.

Accordingly, for the above stated reasons, Plaintiffs' motion to make permanent the provisions of the Decision and Entry of October 16, 1981, is well taken and the same is hereby granted.

## C. DEFENDANT PHOENIX'S MOTION TO COMPEL DISCOVERY IS SUSTAINED

In a Decision and Entry of August 4, 1981, this Court conditionally sustained Defendant's motion seeking an order of the Court compelling certain discovery. This Court gave the Plaintiffs the opportunity to file an affidavit setting forth grounds of specific burdensomeness should the discovery request become final. Plaintiffs duly filed such an affidavit, and the De-

fendant filed a memorandum in opposition thereto.

The affidavit was sworn to by Mr. Charles Blanchard, Vice-President of the Marketing of the Medical Products Division of Travenol Laboratories, Inc. He stated production of approximately 800,000 invoices for sales of latex and vinyl gloves would require a search of 2.8 million invoices recorded on microfiche, with attendant copying costs of over $80,000. Affidavit, ¶ 3. Similar figures were set forth for production of bills of lading relating to the sales of latex and vinyl gloves. ¶ 4. Finally, Mr. Blanchard stated that production of documents relating to pricing records for 6,000 customers would require review of "thousands of documents" and take "hundreds of man-hours." ¶¶ 5–6.

Plaintiffs' affidavit does not demonstrate the "most *extreme* showing of burdensomeness" as required by this Court's decision of August 4, 1981. In cases involving similar discovery requests, courts have held that an unwieldy record-keeping system, which requires heavy expenditures in money and time to produce relevant records, is simply not an adequate excuse to frustrate discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191, 197–98 (S.D.Ohio 1980); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D.Mass.1976); 4A Moore's *Federal Practice*, ¶ 34.19[2] at 34–106 (2d ed. 1981). Plaintiffs' contentions herein, this Court feels, are but a repeat of these arguments which have been rejected before.

Moreover, the Defendant has suggested a course of action which should reduce the huge costs projected by the Plaintiffs in producing the relevant documents. Before making any copies, Phoenix suggests, it would first examine all originals and all microfiche exposures and only copy those that it determines are relevant. Phoenix also offers to pay for the copies at the rate of $.10 per page. Memorandum, Reply of Defendant Phoenix Glove Company to Plaintiffs' Affidavit Filed in Opposition to Motion to Compel Discovery, at 4. These actions would further mitigate the burdensomeness alleged by the Plaintiffs.

Accordingly, for the aforestated reasons, Defendants' motion to compel discovery is well taken and the same is hereby sustained.

This Court's holdings on the pending motions may be summarized as follows:

(1) Counterclaim Defendant Warnick's motion for a more definite statement is overruled; said counterclaim Defendant ordered to answer or otherwise motion the counterclaim within 14 days from date of receipt of notice of this Decision;

(2) Plaintiffs' motion for an order that certain documents obtained by Defendants' counsel from Pier, Inc., be protected from disclosure pursuant to the Protective Order, is sustained;

(3) Phoenix's motion to compel discovery is sustained.