**In re RICHARDSON–MERRELL, INC., Bendectin Products Liability Litigation.**

**MDL No. 486.**

United States District Court, S.D. Ohio, W.D.

March 22, 1983.

ORDER GRANTING IN PART AND DE-
NYING IN PART PLAINTIFFS' MO-
TION TO COMPEL PRODUCTION
OF DOCUMENTS

CARL B. RUBIN, Chief Judge.

This matter is before the Court on plaintiffs' Motion to Compel Production of Documents. Involved are well over one hundred specific requests. Rather than discuss each request separately, the Court will discuss generally certain issues which are common to a number of requests, and the objections thereto. The Court will then indicate its rulings on the individual requests. Except as otherwise noted, all rulings on individual requests will be subject to the guidelines established in the general discussion of issues.

## COMMON ISSUES

### I. Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

■ This rule, like all federal rules pertaining to discovery, is to be accorded broad and liberal treatment. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947). The rule has been construed to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

At the same time, discovery has necessary boundaries. Discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1). *Id.* at 351–52, 98 S.Ct. at 2390. It is against the foregoing standards that plaintiffs' requests must be judged.

## II. Foreign Searches

■ Defendant has objected to searching for documents in the hands of its foreign subsidiaries. This position is, as a general matter, not valid.

■ Defendant Merrell-Dow Pharmaceuticals, Inc., is a multi-national corporation. By refusing to conduct foreign searches for documents, it provides for itself a means of shielding otherwise discoverable information. A discoveree cannot avoid a proper discovery request by utilizing record keeping which conceals rather than discloses. *Isaac v. Shell Oil Co.,* 83 F.R.D. 428, 431 (E.D.Mich.1979) (and cases cited therein). Furthermore, the non-party status of wholly-owned subsidiaries does not shield discoverable documents in their possession from production. *Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631, 637 (D.Md.1978). Therefore, except as otherwise noted, it is hereby ordered that defendant produce all documents, responsive to plaintiffs' requests, in the care, custody or control of its foreign subsidiaries.

## III. Predecessor and Successor Corporations

Due to a series of corporate reorganizations, the parties are unable to agree upon the precise identity of the discoveree. In March, 1981, Richardson-Merrell, Inc., was reorganized. Part of that corporation became Richardson-Vicks, Inc., an independent, publicly-held corporation. The remainder of Richardson-Merrell was merged with Dow Chemical to form Merrell-Dow Pharmaceuticals, Inc. In the multitude of lawsuits filed in this litigation, all of the above-named corporations have been named, in one or more Complaints, as defendants, as have predecessor corporations of Richardson-Merrell, including Merrell-National Laboratories. Plaintiffs seek discovery from all subsidiaries, and predecessor and successor corporations, of Richardson-Merrell and Merrell-Dow Pharmaceuticals.

■ As the discussion of foreign searches, *supra,* makes clear, plaintiffs may obtain discovery of documents in the care, custody or control of subsidiaries. This applies to both domestic and foreign subsidiaries. The subsidiaries involved here are those subsidiaries of Merrell-Dow Pharmaceuticals, Inc., acquired in connection with the reorganization involving Dow Chemical and Richardson-Merrell, Inc. This description should be broadly construed to include all former corporate subdivisions of Richardson-Merrell, Inc., which became part of Merrell-Dow Pharmaceuticals, Inc., regardless of the form in which those subdivisions now exist. However, this description does not include Richardson-Vicks, Inc., its subsidiaries or corporate subdivisions, or any former subsidiaries or subdivisions of Richardson-Merrell, Inc., which are now part of Richardson-Vicks, Inc. *Cf. Wood v. Merrell-Dow Pharmaceuticals, Inc.,* No. C–1–82–580 (S.D.Ohio, Dec. 15, 1982) (Order Granting in Part Leave to File Second Amended Complaint and Denying Motion to Strike) ("It is clear that Richardson-Vicks, Inc., is not a proper defendant . . .") As an independent corporation, Richardson-Vicks, Inc., is not a proper discoveree. Any documents held by Richardson-Vicks, unlike documents held by defendant's subsidiaries, are not within the care, custody or control of defendant. *See Hubbard, supra,* at 637.

The Court holds that discovery may be obtained from Merrell-Dow Pharmaceuticals, Inc., and its subsidiaries acquired in the reorganization involving Dow Chemical and Richardson-Merrell, Inc. This description should be broadly construed as explained above. The Court further holds that discovery shall extend to those documents, otherwise discoverable, which came into the care, custody or control of Merrell-Dow Pharmaceuticals, Inc., from Richardson-Merrell, Inc., or its corporate predecessors as a result of the reorganization mentioned above. Exceptions to this general holding, if any, will be specified below.

## IV. Thalidomide and MER–29

■ Plaintiffs seek certain information concerning defendant's experiences with Thalidomide and MER–29. Plaintiffs assert that these requests are calculated to lead to the discovery of admissible evidence of, *inter alia,* the validity of defendant's testing procedures for teratogenicity and defendant's "common plan" to withhold and falsify information.

The Court disagrees. Evidence of defendant's actions relating to Thalidomide and MER–29 is not relevant to this litigation. Whatever probative value such evidence might have would be far outweighed by its potential prejudice to defendant. In addition, plaintiffs' requests in this area do not appear reasonably calculated to lead to the discovery of admissible evidence. Rather, the requests appear calculated to produce information which would portray defendant in a damaging light with regard to some of its past activities. Discovery is not to be used for annoying or embarrassing the opposing party. *See* Fed.R.Civ.P. 26(c). The Court holds that any inquiry into defendant's connection with or activities concerning Thalidomide or MER–29, including any teratogenicity testing not involving Bendectin or its components, is beyond the scope of discovery. The Court orders that discovery on these matters not be had.

## V. Combinations With Other Substances

■ In many of their requests, plaintiffs seek information concerning Bendectin and its components, "either alone or in combination with any other substance." Defendant has consistently objected to the inclusion of the quoted phrase, on the basis that information elicited thereunder would be irrelevant to this litigation.

After careful consideration, the Court agrees with defendant. Contrary to plaintiffs' assertion, evidence of a component's teratogenicity with one substance is not probative of its teratogenicity with another substance, nor are the procedures used in testing one combination probative of those used in testing another. Plaintiffs' requests, insofar as they seek information regarding Bendectin or its components in combination with substances not found in Bendectin, are beyond the scope of permissible discovery.[1] The Court orders that, unless otherwise specified below, discovery into this area not be had.

## VI. Attorney-Client and Work-Product Privilege

■ In numerous instances, defendant has asserted attorney-client or work-product privilege as a bar to discovery. With respect to those requests, in cases where the Court has ruled in favor of plaintiffs, the following procedure will be used: Defendant will submit for *in camera* inspection those documents for which they are claiming either attorney-client or work-product privilege. Defendant will also submit, for the Court's benefit, an index of those documents, which will include an indication of the particular privilege claimed for each document. Finally, defendant will submit a brief resume of the contents of each document for which a privilege is asserted.

The Court will spot check the submitted resumes against the corresponding documents, to assure itself of the accuracy of the resumes. The Court will then rule, based on the descriptions in the resumes. None of the materials submitted by defend-

---

1. This holding should not be construed to limit, in any way, plaintiffs' discovery of information, including testing data, pertaining to Bendectin and its components, either alone or in combination with other Bendectin components.

ant will be divulged or made available to plaintiffs or their counsel.

## VII. Miscellaneous Matters

In interpreting the Court's rulings on individual requests, the parties should keep the following considerations in mind. Where defendant has asserted that a certain request is no longer at issue,[2] and the Court has ruled in plaintiffs' favor, the Court's ruling is subject to any understanding or agreement reached by the parties. Similarly, in those cases where defendant has objected to the request but agreed to supply certain information, and the Court has ruled in defendant's favor,[3] the Court's ruling is subject to the understanding that defendant will supply that information. In those cases where defendant has not objected to the request,[4] the Court has assumed that discovery is proceeding smoothly and has seen no need to rule on the request.

Finally, in those cases where defendant has stated that the material sought does not exist, and the Court has ruled in plaintiffs' favor,[5] the Court's ruling is subject to the understanding that, obviously, defendant need not produce material that does not exist. *See SEC v. Canadian Javelin Ltd.,* 64 F.R.D. 648, 651 (S.D.N.Y.1974), *appeal dismissed,* 538 F.2d 313 (2nd Cir.1976).

## RULINGS ON INDIVIDUAL REQUESTS

Subject to the foregoing discussion, the Court rules as follows on plaintiffs' individual requests:[6]

With respect to the following requests, plaintiffs' Motion is hereby GRANTED: 1.3–1.7, 1.10–1.12; 2.1–2.3, 2.6, 2.7, 2.10, 2.12; 3.1; 4.1–4.3; 5.1–5.4, 5.8, 5.10, 5.14–5.17, 5.23, 5.24, 5.26, 5.28; 6.1, 6.3, 6.4, 6.7–6.12, 6.14, 6.16, 6.20; 7.5–7.8; 8.1–8.4, 8.6, 8.8–8.10, 8.12, 8.13, 8.15–8.18, 8.23, 8.24; 9.12, 9.16, 9.18, 9.20; 10.6, 10.7, 10.9–10.11, 10.13, 10.14; 11.2, 11.8, 11.9, 11.16; 13.1.

With respect to the following requests, plaintiffs' Motion is hereby GRANTED only insofar as the requests pertain to Bendectin and its components: 5.21, 5.22; 8.22; 11.13, 11.14.

With respect to the following requests, plaintiffs' Motion is hereby GRANTED only insofar as the requests comport with the Court's earlier discussion and insofar as they do not relate to teratology in general: 9.2, 9.3, 9.5–9.10; 10.1–10.3, 10.8.

With respect to requests 11.5 and 11.6, plaintiffs' Motion is hereby GRANTED, only insofar as those requests pertain to the United States.

With respect to request 6.6, plaintiffs' Motion is hereby GRANTED, and defendant is hereby ordered to supplement its response every 90 days.

With respect to request 6.22, plaintiffs' Motion is hereby GRANTED subject to the Court's earlier discussion and subject to a limitation to teratological effects.

With respect to the following requests, plaintiffs' Motion is hereby DENIED: 2.11, 2.13–2.18; 5.7, 5.9, 5.18–5.20, 5.25, 5.30; 6.17, 6.19; 7.1–7.4, 7.9–7.11; 8.7, 8.19, 8.20, 8.26; 9.4, 9.11, 9.15, 9.19, 9.22; 10.12; 11.1, 11.3, 11.4, 11.10–11.12, 11.23, 11.34.

With respect to the following requests, plaintiffs' Motion is hereby DENIED for vagueness: 5.6; 6.18; 9.21.

With respect to the following requests, plaintiffs' Motion is hereby DENIED for overbreadth: 8.21; 9.1; 11.7, 11.28.

With respect to request 11.30, plaintiffs' Motion is hereby DENIED except insofar as request 11.30 is contained in request 11.2.

IT IS SO ORDERED.

---

2. *See, e.g.,* requests 6.1, 6.14, 9.18, 9.20.

3. *See, e.g.,* requests 5.18, 5.19, 6.19, 7.11.

4. *See, e.g.,* requests 1.8, 1.9, 5.11, 5.12, 5.13. *See also* requests 12.1–12.7.

5. *See, e.g.,* requests 5.10, 11.8.

6. All groupings are inclusive.