**In re James Ross HARTLEY, Sharon Lee Hartley, Debtors.**

**Quentin M. DERRYBERRY, II Trustee, Plaintiff,**

**v.**

**The ST. JOSEPH BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 81–01855. Adv. No. 83–0749.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 6, 1984.

As Amended Dec. 12, 1984.

Mark Kreitman, Antonow & Fink, Chicago, Ill., for plaintiff.

Quentin M. Derryberry, II, Wapakoneta, Ohio, trustee/plaintiff.

Theodore M. Rowen, Kenneth J. White, Toledo, Ohio, for defendant.

Thomas D. Drake, William E. Clark, Findlay, Ohio, for The Peoples Banking Co.

Reginald S. Jackson, Jr., Steven R. Smith, Toledo, Ohio, for The Toledo Trust Co.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This cause came on to be heard upon the Plaintiff/Trustee's Motion for an Order Compelling Production of Documents, etc., Trustee's Motion for Leave to File Interrogatories, Defendant's Motion for a Protective Order, etc., Defendant's Motion for an Order Compelling Discovery, and the Court's Order of September 7, 1984 requiring, in part, that discovery status reports be filed on October 24, 1984 and all discovery impasses not resolved between the parties be set for hearing on November 2, 1984 at 11:00 a.m. The status reports were filed, advising of the narrowed discovery disputes remaining between the parties, and the court conducted a hearing on November 2, 1984, with each party represented by counsel.

The two major issues before the court concern which party must bear the cost of searching for and copying the documents in question and to what extent the bank needs the confidentiality of its materials protected. The court finds that the defendant, St. Joseph Bank must provide the materials requested by the plaintiff without charging for any costs incurred in searching for them and the plaintiff will pay for the cost of any copies he requests. Furthermore the court finds that the plaintiff's representative shall be allowed to examine all of the defendant's documents so as not to hamper his case but that such representative shall accord confidential treatment to the documents examined to all others including the trustee concerning information unrelated to this case.

The scope of discovery is set forth in Rule 26(b) of the Federal Rules of Civil Procedure. In general, a party to a civil action may obtain discovery regarding any matter which is relevant to the subject matter in the cause before the court. This rule, like all federal rules pertaining to discovery, is to be accorded broad and liberal treatment. *In re Richardson-Merrel, Inc.* 97 F.R.D. 481 (S.D.Ohio 1983). The rule has been construed to encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Following this trend of liberal discovery courts have held that an unwieldy record-keeping system, which requires heavy expenditures in money and time to provide relevant records, is simply not an adequate excuse to frustrate discovery. *In re Richardson-Merrel, Inc.,* 97 F.R.D. 481, 483 (S.D.Ohio 1983); *Baxter Travenol Laboratories, Inc. v. LeMay,* 93

F.R.D. 379, 383 (S.D.Ohio 1981); *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191, 197–98 (S.D.Ohio 1980); *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D.Mich.1979); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D.Mass.1976); 4A Moore's Federal Practice, § 34.19[2] at 34–106 (2d ed. 1981). However the right to discovery is not absolute.

Protective orders are available pursuant to Rule 26(c) to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. An overly broad request for discovery which constitutes no more than a fishing expedition will not be allowed *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D.Mich.1979).

The *Isaac* case clearly illustrates the boundary where the request for discovery is not within the scope of Rule 26(b)(1). In *Isaac* the plaintiff was stricken with cancer. He claimed it was caused by chemicals he had come into contact with at his place of employment. The plaintiff never alleged which chemicals or that certain chemicals caused the cancer. The plaintiff requested discovery from General Motors because they sent some machinery to be repaired to his work place. Plaintiff merely felt that there might be some chemical residue on the machines which may be linked to cancer and so demanded that General Motors spend over $50,000 to search their records to reveal what chemicals had been put on the machines in the last 10 years. This request was so tenuously related to the original claim that the court declared the following two part test for issuing a protective order. "Where a plaintiff has shown not even reasonable grounds to support his allegations of liability, and where the discovery costs faced by the defendant are substantial, justice requires that a protective order be granted." 83 F.R.D. 432.

■ In the case before the court it cannot be said that trustee's cause of action is as illusory as that made in *Isaac*. Neither can the costs be considered so great as to cause a protective order to be issued. According to the cases, cost alone (especially when the expense is a result of the parties' own record keeping system) should not be the determinative factor. *See Baxter Travenol Laboratories, Inc. v. LeMay*, 93 F.R.D. 379 (S.D.Ohio 1981). Only after a question of relevancy has been raised should cost be considered in any form of balancing test.

■ Originally this Court was swayed by what appeared to be monumental costs to the defendant. The claim that years of work and the expenditure of hundreds of thousands of dollars appeared to be so extreme that the plaintiff should bear some of the cost of searching for the documents. However in light of new evidence provided by defendant's answers to plaintiff's first set of Rule 33 Interrogatories, the court now believes that extreme burden no longer exists. Therefore, the court follows the well established law that allows for liberal discovery and that does not penalize the party seeking discovery for the other parties unwieldy bookkeeping system by forcing them to pay the costs of discovery. However to help mitigate the costs to the bank the plaintiff shall pay for the costs of copying the documents it selects.

■ The bank in an effort to protect the confidentiality of its customers has suggested a protective order to this Court. To the extent it is tailored to protect third parties unrelated to this case it has been adopted by this Court as part of the body of the order which follows.

For good cause shown, it is,

ORDERED that plaintiff is granted leave to file Trustee's First Set of Rule 33 Interrogatories, which Interrogatories are to be modified as described herein; it is,

FURTHER ORDERED, that defendant shall respond to Interrogatories Nos. 1, 2 and 4 of Trustee's First Set of Rule 33 Interrogatories on or before November 12, 1984; it is,

FURTHER ORDERED that within ten (10) days of receipt of defendant's answers to interrogatories Nos. 1, 2 and 4 of the Trustee's First Set of Rule 33 Interrogato-

ries, Plaintiff shall file a modified interrogatory corresponding to Interrogatory No. 3 of the Trustee's First Set of Rule 33 Interrogatories, specifically identifying and specifying with particularity, the microfilm/microfiche documents which plaintiff desires defendant to produce as may reference the debtor and his account activities; it is,

FURTHER ORDERED that within ten (10) days after receipt of modified Interrogatory No. 3 as referenced above, defendant shall respond to said modified Interrogatory No. 3 by identifying which documents sought by plaintiff reference or may reference the debtor and his account activities, and any loans, advances, extension of funds or credit the debtor applied for, sought or obtained from defendant; it is,

FURTHER ORDERED that plaintiff shall only be required to pay for copies of any documents on microfilm/microfiche which plaintiff requests, and that defendant bear the burden of searching and producing the documents; it is,

FURTHER ORDERED that plaintiff may have one representative present during the search for the documents requested in plaintiff's modified Interrogatory No. 3 but that said representative is prohibited from revealing in any way to anyone, including the Trustee, any information whatsoever contained on said microfilm/microfiche and the documents otherwise produced, or using any such information in the prosecution of this case or in any other matter, except such information as may be contained on the microfilm/microfiche and/or documents produced regarding the debtor directly, i.e., the debtor's account numbers, status of debtor's accounts, analysis of debtor's accounts, etc. Specifically, the designated representative for the Trustee shall not use in any way or reveal to anyone the name, account number, status of account, analysis of account, etc., of any person, firm or corporation, except debtor, which may appear on or be revealed by the aforementioned microfilm/microfiche and/or documents, and any documents produced or copies regarding said search shall not reveal the identity in any way of any person, firm or corporation other than the debtor; it is,

FURTHER ORDERED that plaintiff shall respond to Defendant's Interrogatories and Request for Production of Documents Directed to Plaintiff Quentin M. Derryberry, II, Trustee, on or before December 17, 1984, it is,

FURTHER ORDERED that plaintiff shall file his Memorandum in Opposition to Defendant's Motion to Dismiss and For Summary Judgment on or before January 31, 1985, and defendant shall thereafter determine if it desires to file a reply thereto, and if so, within what period of time; it is,

FURTHER ORDERED that the Court's Order filed September 7, 1984 which stayed all further discovery be, and hereby is, vacated.